IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, | : | |
| | : | CASE NO. 2:07-cv-320 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| DANN A. DITTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

**I.   INTRODUCTION**

Before the Court is a joint motion by Plaintiff Washington Mutual Bank ("Plaintiff"), by and through counsel, and Defendant Dann A. Ditter ("Defendant"), *pro se*, to Vacate Judgment, Confirmation of Sale and Transfer of Deed (the "Joint Motion").  (Doc. 35).  The parties jointly move this Court to:  vacate the Order of Confirmation of Sale and Distribution filed March 23, 2009, (Doc. 33), rescind the sheriff's deed transferring title to the property at issue to Plaintiff's assignee, vacate the Judgment Entry and Decree in Foreclosure entered August 8, 2008, (Doc. 18), pursuant to Rule 60 of the Federal Rules of Civil Procedure, and dismiss Plaintiff's Complaint, (Doc. 1), pursuant to Fed.R.Civ.P. 41(a)(2).  For the reasons set forth below, the Motion to Vacate Judgment, Confirmation of Sale and Transfer of Deed, (Doc. 35), is **GRANTED**.

**II.   BACKGROUND**

**A.   The Underlying Action**

Plaintiff initiated this foreclosure action in this Court on April 16, 2007 following Defendant's failure to pay on a promissory note and mortgage for real property located in

Licking County, Ohio (the "Property").[1] (*Compl.*, Doc. 1). In November 2007, Plaintiff and Defendant entered into a forbearance agreement that stayed the case. Thereafter, Defendant defaulted on his payments under the forbearance agreement and Plaintiff moved this Court to lift the stay. (Doc. 15). On August 8, 2008, this Court granted Plaintiff's request, and the stay was lifted. (Doc. 17). On that same day, this Court issued a Judgment Entry and Decree in Foreclosure (the "Judgment"), granting the Plaintiff's Motion for Default Judgment against Defendant. (Doc. 18). The Court entered judgment for the amount due on the Note (the principal and interest) against Dan A. Ditter and found that, unless the sums due to Plaintiff were fully paid within ten days, the equity of redemption of the defendant title holders in the property would be foreclosed and the Property would be sold free of the interests of all parties to the action, subject to redemption by Defendant pursuant to Ohio Revised Code § 2329.33.

The sale of the property occurred February 19, 2009. (*Order of Confirmation of Sale and Distribution*, Doc. 33) (hereinafter, the "Confirmation of Sale"). Plaintiff was the successful bidder, for a price of $110,000, and subsequently assigned its bid to Bank of America, National Association as successor by merger to LaSalle Bank National Association as trustee for WMALT 2005-7 ("Bank of America"). (*Id.* at 1). This Court confirmed and approved the sale on March 23, 2009. (*Id.*). Further, this Court found that because Bank of America was the assignee of the successful bid of Washington Mutual Bank, which held a valid and subsisting mortgage on the Property, Bank of America need not pay the full amount of the purchase price to

---

[1] The real property that is the subject of the underlying foreclosure action is described as follows:

> Situated in the State of Ohio, County of Licking and in the City of Reynoldsburg:
>
> Being Lot Number one Hundred Forty (140) in TAYLOR RIDGE EAST SECTION 3, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 14, page 229 and 230, Recorder's Office, Licking County, Ohio.

(*See Judgment Entry and Decree in Foreclosure*, Doc. 18 at 1).

2

the Special Master. Instead, this Court ordered that the bid was to be credited against the amount of the judgment previously entered in favor of Plaintiff. The sheriff's deed issued to Bank of America was filed of record on April 6, 2009. (*Id*).

### B. The Joint Motion

On December 8, 2014, over five years later, Plaintiff filed the present Joint Motion, claiming that "[i]t…recently [came] to light that following confirmation of the foreclosure sale and transfer of the deed to Bank of America, Defendant continued to make monthly payments on this mortgage, and Plaintiff continued to accept and apply the payments to this loan." (Doc. 35 at 3).

Admitting that "the parties can offer no explanation for the lengthy delay in either party moving to remedy this situation," they move this Court to "remedy" the situation by: (1) vacating the Order of Confirmation of Sale and Distribution filed March 23, 2009, (Doc. 33); (2) rescinding the sheriff's deed transferring title to the property at issue to Bank of America; (3) vacating the Judgment Entry and Decree in Foreclosure entered August 8, 2008, (Doc. 18), pursuant to Fed.R.Civ.P. 60; and (4) dismissing the case pursuant to Fed.R.Civ.P. 41(a)(2).[2]

### III. STANDARD OF REVIEW

### A. Rule 60(b)

Rule 60(b) sets out six reasons for which the Court may grant relief: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

---

[2] The Motion asserts that the sheriff's deed is recorded with the Locking County Recorder's Office at Official Instrument Number 200904060007012.

3

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed.R.Civ.P. 60(b).

Relief from a judgment under Rule 60 is an "extraordinary remedy" and should be granted only in "exceptional circumstances."  *Casasanta v. Fed. Nat. Mortgage Ass'n*, No. 12-CV-10108, 2014 WL 1977038, at *2 (E.D. Mich. May 15, 2014) *aff'd*, 591 F. App'x 464 (6th Cir. 2015).  Indeed, most grounds for relief under 60(b) relate to, if not require, new information about the case that could not reasonably have been discovered earlier.  *GenCorp. Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007); *see also Abrahamsen v. Trans–State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-46 (6th Cir. 1983).  Indeed, as the Sixth Circuit has explained,

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief.

*McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

### B.  Rule 41(a)(2)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper."  Fed.R.Civ.P. 41(a)(2).  Unless the Court states otherwise, dismissal under Rule 41(a)(2) is without prejudice.  *Id*.  Rule 41(a)(2) dismissal is within the Court's discretion, and only

reviewed for abuse. *Bridgeport Music, Inc. v. Universal-MCA Music Pub.*, 583 F.3d 948, 953 (6th Cir. 2009).

## IV. DISCUSSION

In the Joint Motion, Plaintiff insists that "equity demands that Plaintiff be permitted to vacate its own judgment and sale to allow Defendant to reacquire title to the property on which he has been paying for years."[3] Plaintiff contends that the requested relief is warranted under Rule 60(b)(5), because the primary goal of a foreclosure "from a broader perspective" is not met by the current judgment. In addition, Plaintiff argues that vacating the judgment and sale would better protect Defendant's existing equitable and possessory interest in the Property, would reinstate a mortgager-mortgagee relationship between the parties, which is commensurate with the parties' intent, and would "better conform to the equities of this action and the expectations of the two parties as to their respective relationship and obligations." As an alternative to relief under Rule 60(b)(5), Plaintiff argues that the "facts and equities" of this action demonstrate that relief it seeks is appropriate under Rule 60(b)(6) and that vacating the order will cause harm to neither party and will restore the parties' intended relationship.[4]

### A. Relief Under Rule 60(b)(5)

Federal Rule of Civil Procedure 60(b)(5) authorizes a court to grant relief from final judgment if "applying it prospectively is no longer equitable." A determination of whether prospective enforcement is no longer equitable under Rule 60(b)(5) is a fact-intensive inquiry within the broad equitable powers of a district court. *Brown v. Tennessee Dep't of Fin. & Admin.*, 561 F.3d 542, 545 (6th Cir. 2009). Relief under Rule 60(b)(6) is available only in

---

[3] Throughout this Court's discussion, references to "Plaintiff" shall be made with the understanding that this is a joint motion, submitted by Plaintiff, but supported by Defendant Dann Ditter.

[4] Plaintiff's counsel has also represented to this Court that Bank of America, the entity to whom Plaintiff's bid was assigned following the sheriff's sale of the Property, will not be harmed or otherwise materially affected by an order vacating the judgment and confirmation of sale.

5

exceptional or extraordinary circumstances. *Henness v. Bagley,* 766 F.3d 550, 553–54 (6th Cir.2014). The Supreme Court has stated that the grant of a Rule 60(b)(5) motion is appropriate where there is "a significant change either in factual conditions or in law." *Agostini v. Felton,* 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997).

Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," but it "provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447, 129 S.Ct. 2579, 2593, 174 L.Ed.2d 406 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992)). Further, "[w]here an order or decree has not been carried out in accordance with its intended effect, the court may change the order 'upon an appropriate showing' if the 'purposes' of the order 'have not been fully achieved.'" *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364-65 (6th Cir. 1990) (citing *United States v. United Shoe Corp.*, 391 U.S. 244, 248, 88 S.Ct. 1496, 1499, 20 L.Ed.2d 562 (1968); 11 Wright & Miller § 2863 n. 7).

In reviewing a motion under Rule 60(b)(5) on the grounds that "prospective application of a judgment is no longer equitable," application of the Rule requires the Court to consider the meaning of "prospective." The Sixth Circuit has explained:

> The mere possibility that a judgment has some future effect does not mean that it is "prospective" because "[v]irtually every court order causes at least some reverberations into the future, and has ... some prospective effect." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988). The essential inquiry into the prospective nature of a judgment revolves around "whether it is 'executory' or involves the 'supervision of changing conduct or conditions.' " *Id.* at 1139 (quotation omitted).

*Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004). For this reason, injunctions, declaratory judgments, and consent decrees are "particularly susceptible to a Rule 60(b)(5) challenge." *Id.*; *see also Cassanta*, 2014 WL 1977038 at *3 ("The prototypical situation for a Rule 60(b)(5) review is where current events have outgrown a previously-entered forward-looking injunction or consent decree.").

Plaintiff admits that in the present case, the primary purpose of the judgment has been achieved. Plaintiff insists that the broader goals of foreclosure action overall, however, – "to protect the interests of the mortgagor-debtor and to ensure that the mortgagee-creditor receives payment for unpaid debts" – have not been achieved because Plaintiff is now "current" on his mortgage loan obligation, although he has not held a legal interest in the property under this since 2009 as a result of the Judgment and Confirmation of Sale in this action. (Doc. 35 at 5). Moreover, Plaintiff asserts that failure to vacate the judgment, will be inequitable to both parties because it would better protect Mr. Ditter's interest in the Property and would further Plaintiff's interest in receiving payment of Mr. Ditter's remaining unpaid debt.

The Court finds that the situation present in this matter is not a situation to which Rule 60(b)(5) applies because neither the Judgment nor the Confirmation of Sale which the parties move this Court to vacate involve "prospective application." The Judgment made findings on Plaintiff's liability; the Confirmation of Sale confirmed the sale of the Property in foreclosure. Neither order is an injunction, declaratory judgment, consent decree, or otherwise involves the supervision of changing conduct or conditions. *See Kalamazoo River Study Grp.*, 355 F.3d at 587 (quotation omitted). For this reason, the parties' request under Rule 60(b)(5) is denied. The Court will next evaluate the request under Rule 60(b)(6).[5]

---

[5] The Court properly considers Plaintiff's motion under Rule 60(b)(6) because it has determined that Rule 60(b)(5), the first ground upon which Plaintiff request relief, is inapplicable in light of the circumstances of the present case.

**B. Relief Under Rule 60(b)(6)**

Rule 60(b)(6) provides for correction of a judgment "for any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). This "catch all" provision warrants relief "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle*, 910 F.2d at 365 (citations omitted). Indeed, the Sixth Circuit has instructed courts to apply subsection (b)(6) only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Id*. Generally, the "something more" must include "unusual and extreme situations where principles of equity *mandate* relief." *Id*. (emphasis in original).

A motion under Rule 60(b) must be made within reasonable time, determined by the circumstances of the case. *Real Property Known and Numbered as 429 South Main Street, New, Lexington, Ohio etc.*, 906 F.Supp. at 1163-64. In determining reasonable timeliness, the Court should consider the interest in finality, reason for delay, the ability of the party to learn earlier of the grounds relied on, and prejudice to the opposing party. *Id* at 1164. The public policy favoring finality of judgments is of particular importance when assessing a Rule 60(b) motion. *See GenCorp.*, 477 F.3d at 372.

Similar to the arguments made under Rule 60(b)(5), Plaintiff contends that considerations of equity in light of the facts and circumstances of the present case warrant relief under 60(b)(6). Specifically, the fact that Defendant has consistently paid money to Plaintiff on the Property and is now "current" on his mortgage loan obligation, which was the outcome Plaintiff sought in filing this action originally. Instead of engaging in a mortgagor-mortgagee

---

*See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) ("We have observed that these…clauses are mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable." (citing *Olle*, 910 F.2d at 366).

relationship, which was the parties intent when the loan obligation was created, the parties have a de-facto landlord-tenant relationship, which was "not contracted for between the two parties, nor was it ever their intent."  Further, Plaintiff argues that this Joint Motion was made within a reasonable time, despite it being filed more than five years after final judgment, because Defendant's continued payments on the mortgage of the Property "only recently came to the attention of the department within Plaintiff's organization authorized to act on the information." (Doc. 35 at 6).  Moreover, Plaintiff argues that vacating the order will cause harm to neither party and will restore the intended relationship of the parties.  (*Id.*).

The facts of the case *sub judice* present the kind of extraordinary circumstance invoking Rule 60(b)(6).  While it is unclear precisely how the error in this case occurred – Defendant's continued making mortgage payments for five years after judgment against him in this foreclosure action – equity requires that the Judgment and Confirmation of Sale be vacated. Defendant has a long-standing interest in this property now owned by Plaintiff: he acquired title in June 2005; following a time of defaulting on his loan obligation and having this foreclosure action brought against him, he once again began making payments on the obligation, has consistently done so for over five years, and is now current on his mortgage, apparently under the belief that he was paying into a mortgage, and not merely renting property from the Plaintiff's for over five years.  And, indeed, payment of the underlying mortgage loan obligation is what Plaintiff's sought in bringing this action, and that purpose is now being fulfilled, and has been for the past five years.

In addition, Plaintiff represents to this Court that it brought this Joint Motion soon after the department authorized to act learned of the information regarding Defendant's continued payments, thus the Joint Motion was filed within a reasonable time.  Moreover, Plaintiff's

9

contention that vacating the Judgment and Confirmation of sale will not cause harm to any party involved and will restore the intended relationship is well taken.  The only equitable solution in light of the extraordinary circumstances of this case is that the Judgment and Confirmation of Sale be vacated.  For these reasons, Plaintiff's arguments under Rule 60(b)(6) are well taken and the Joint Motion is GRANTED.

## V. CONCLUSION

For the foregoing reasons, the parties' Joint Motion to Vacate Judgment, Confirmation of Sale and Transfer of Deed (Doc. 35) is **GRANTED**.  This action hereby is DISMISSED pursuant to Rule 41(A)(2) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                s/ Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED:  September 22, 2015**